UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHIRLEY TINGLE, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | CASE NO. CV 03-P-3289-S |
| | } | |
| TARGET STORES, INC., | } | |
| | } | |
| Defendant. | } | |

## MEMORANDUM OPINION

This case is before the court on Defendant's Motion for Summary Judgment (Doc. # 16). The motion has been fully briefed, and the court held oral argument on December 10, 2004. Having considered the briefs and evidentiary submissions, the court finds that Defendant's motion is due to be granted.

Plaintiff Shirley Tingle ("Plaintiff") filed this lawsuit against Target Stores, Inc. ("Target") on December 11, 2003, alleging that Target discriminated against her on the basis of her race in violation of 42 U.S.C. § 2000e et seq. ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). Target denies any liability with respect to these claims and argues that it is entitled to judgment as a matter of law because Plaintiff's claims are barred by the doctrine of judicial estoppel.

**I.   Summary Judgment Standard**

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R .Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir.

1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

## II.   Relevant Undisputed Facts[1]

On August 1, 2001, Plaintiff began working for Target as a Cashier at the Super Target Store on Highway 280 in Birmingham, Alabama. (Complaint ¶ 6). Plaintiff claims that on or about June 15, 2002, Target began to discriminate against her because of her race. (Complaint ¶ 6). On October 16, 2002, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging various forms of discrimination against Target. (Complaint ¶ 5 and Charge of Discrimination, attached to Plaintiff's Notice of Compliance with Initial Order Section III.).

On July 3, 2003, Plaintiff filed a voluntary petition for bankruptcy under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Alabama. (Exhibit 1A to Defendant's Motion for Summary Judgment). At the time Plaintiff filed her voluntary petition for bankruptcy, Plaintiff was no longer employed with Target. (Ex. 1A). Plaintiff has been represented by attorneys Michael Trucks and Scott Nipper, both of the law firm Trucks & Trucks, throughout her bankruptcy proceedings. (Ex. 1A). In her initial filings with the bankruptcy court, Plaintiff identified over $20,000 in debt to be covered by the Chapter 13 repayment plan. (Ex. 1A).

---

[1] If facts are in dispute, they are stated in the manner most favorable to the Plaintiff. *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115 (11th Cir. 1993).

On August 19, 2003, the Standing Chapter 13 Trustee filed an Objection to Confirmation and Motion to Dismiss, which admonished Plaintiff for "fail[ing] to disclose a pending lawsuit in her petition." (Ex. 1A). On September 30, 2003, the EEOC issued a Notice of Right to Sue to Plaintiff with regard to her claims against Target. (Complaint ¶ 5; Dismissal and Notice of Rights, attached to Plaintiff's Notice of Compliance with Initial Order Section III). On November 21, 2003, the bankruptcy court confirmed Plaintiff's repayment plan. (Ex. 1A).

On December 11, 2003, Plaintiff filed her judicial complaint in this lawsuit, alleging that Target discriminated against her throughout her employment on the basis of race, in violation of Title VII and Section 1981. Plaintiff did not disclose her cause of action against Target as an interest in a contingent or unliquidated claim on Schedule B ("Personal Property") of her bankruptcy filings. (Ex. 1A). Plaintiff did not disclose her cause of action or the EEOC proceedings against Target in her Statement of Financial Affairs. (Ex. 1A).

Defendant's motion for summary judgment was filed on October 7, 2004. As of the date Defendant's motion was filed, Plaintiff had not amended her Schedule B or Statement of Financial Affairs to include this cause of action against Target. (Ex. 1A). At that time, Plaintiff's bankruptcy case was still open, with Plaintiff continuing to make monthly payment in accordance with the repayment plan. (Ex. 1A). On October 29, 2004, Plaintiff amended her bankruptcy filings to include this lawsuit against Target. (Exhibit A to Plaintiff's Opposition to Summary Judgment).

### III.    Judicial Estoppel

Relying on *Burnes v. Pemco Aeroplex*, 291 F.3d 1282 (11th Cir. 2002) and its progeny, Target claims that Plaintiff cannot recover monetary damages because of her undisputed failure initially to disclose the instant lawsuit during her Chapter 13 bankruptcy proceeding. As noted

earlier, Plaintiff filed this lawsuit in December 2003 after having filed a Chapter 13 bankruptcy petition in July 2003. Plaintiff did not amend her bankruptcy filings when she filed this lawsuit. Although the Standing Chapter 13 Trustee admonished Plaintiff in August 2003 that she had "failed to disclose a pending lawsuit in her petition" (Ex. 1A), Plaintiff waited several months -- until after Defendant filed its summary judgment motion on the issue of judicial estoppel-- before she sought to amend her bankruptcy filings.[2]

"In the Eleventh Circuit, courts consider two factors in the application of judicial estoppel to a particular case. First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Burnes*, 291 F.3d at 1285 (citations omitted). The purpose of judicial estoppel is to "protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self-interest." *See Burnes*, 291 F.3d at 1285 (internal quotations omitted). "[T]he doctrine of judicial estoppel applies in situations involving intentional contradictions, not simple error or inadvertence." *Burnes,* 291 F.3d at 1285.

The court focuses its analysis on the second element of judicial estoppel – whether the Plaintiff's actions were "calculated to make a mockery of the judicial system."[3] The Eleventh Circuit has clarified that "deliberate or intentional manipulation can be inferred from the record." *Burnes*,

---

[2] Plaintiff's counsel suggested at oral argument that Plaintiff may have begun the process of amending her petition to include this lawsuit prior to the filing of Defendant's motion for summary judgment. There is no evidence in the record to support that assertion. Regardless, this dispute is of no moment given that the catalyst for Plaintiff's petition amendment is not material to the court's analysis of judicial estoppel. *See Barger v. City of Cartersville*, 348 F.3d 1289 (11th Cir. 2003).

[3] There is no dispute that the first element of the test is satisfied because Plaintiff made inconsistent statements under oath. (Ex. 1A).

4

291 F.3d at 1287. An omission is inadvertent "only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Id.* at 1287 (internal citation omitted).

The court finds that the undisputed evidence supports a finding of intentional concealment in this case. Plaintiff has had knowledge of her claims since at least October 16, 2002, when she filed her charge of discrimination with the EEOC. The Bankruptcy Trustee's August 2003 motion to dismiss gave Plaintiff full notice that she was required to disclose all claims to the bankruptcy court. Despite that knowledge, Plaintiff waited until late October 2004, after Defendant filed its motion for summary judgment, to amend her bankruptcy papers. Although Plaintiff points to her eventual amendment as evidence that she had no intention to conceal, the Eleventh Circuit has consistently rejected that argument when such amendment is made -- as it was here -- after Defendant has filed a motion for summary judgment asserting judicial estoppel. *See DeLeon v. Comcar Industries, Inc.*, 321 F.3d 1289, 1291-92 (11th Cir. 2003); *Barger v. City of Cartersville*, 348 F.3d 1289, 1297 (11th Cir. 2003).

The Eleventh Circuit has made clear that a motive to conceal can be inferred from the mere fact that Plaintiff failed to disclose the claim to the bankruptcy court and from the inherent motive to conceal potential assets from the grasp of creditors. *Burnes*, 291 F. 3d at 1286-88; *DeLeon*, 321 F.3d at 1291-92. As Defendant points out, creditors rely on a Chapter 13 debtor's disclosure statements in determining whether to contest or consent to the debtor's proposed payment plan or the bankruptcy court's dismissal or discharge of bankruptcy case. *Cf. Burnes*, 291 F.3d at 1286. In fact, the Eleventh Circuit has specifically noted that "a financial motive to secret assets [] exists under

Chapter 13 [] because the hiding of assets affects the amount to be discounted and repaid." *DeLeon*, 321 F.3d at 1291-92.[4]

Plaintiff has presented no evidence to rebut the undisputed evidence indicating that she did intentionally conceal this lawsuit. Accordingly, based on the undisputed facts in this case, the court concludes that Plaintiff possessed the requisite intent to "make a mockery of the judicial system" and finds that judicial estoppel bars the Plaintiff's claims for monetary damages.

## IV. Conclusion

In viewing the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party, this court finds that the application of judicial estoppel is appropriate given the facts of this case. Therefore, Defendant's motion for summary judgment is due to be granted.

**DONE** this  13th  day of December, 2004.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff seeks to rely on *Parker v. Wendy's Intern, Inc.*, 365 F.3d 1268 (11th Cir. 2004), for the argument that she had no financial motive to conceal this lawsuit because it is the property of the estate. *Parker* is inapposite because it involved a Chapter 7 debtor -- not a Chapter 13 proceeding like this case. The Eleventh Circuit noted that, in a Chapter 7 proceeding, "[o]nce an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor pursuant to § 554 of the Bankruptcy Code." *Parker*, 365 F.3d at 1272. Such is not the case with a Chapter 13 debtor. In a Chapter 13 proceeding, where "the creditors' recovery is drawn from the debtor's earnings, not from the assets of the bankruptcy estate, it is only the Chapter 13 debtor who stands to gain or lose from efforts to pursue a cause of action that is an asset of the bankruptcy estate." *Olick v. Parker & Parsley Petroleum Company*, 145 F.3d 513, 516 (2d Cir. 1998). As a result, the source of the creditors' recovery is Plaintiff's *income* – not assets such as her home, her car, and this lawsuit.